## VANCE WASHBURN v. L. F. UTECHT.[1,2]

February 8, 1952.

No. 35,663.

*Vance Washburn, pro se.*

---

[1]Reported in 51 N. W. (2d) 657.

[2]Certiorari denied, 343 U. S. 931, 72 S. Ct. 766, 96 L. ed. 1340.

*J. A. A. Burnquist,* Attorney General, and *Charles E. Houston,* Assistant Attorney General, for respondent.

PER CURIAM.

This is a petition for a writ of habeas corpus.

The issue raised by the petition is whether petitioner was entitled to notice or hearing on the question whether the conditions of his commutation of sentence had been breached.

In 1940, petitioner was sentenced to two consecutive terms of ten years each for sodomy. On July 16, 1945, by action of the board of pardons, the sentences were commuted and he was set free. The commutation was granted on condition that the prisoner, until otherwise ordered, report immediately to Miles E. Barry, 130 N. Wells street, Chicago 6, Illinois, who, according to the petition, is a business agent for a Chicago gravediggers' union; that he accept supervision by Mr. Barry and submit to whatever rules and regulations Mr. Barry might impose upon him; that he remain steadily employed; that he refrain from the use of intoxicating liquor; and that he lead a law-abiding life. The commutation also includes the following condition:

"This commutation is granted and accepted upon the express understanding that this Board reserves the right to determine whether any condition hereof has been violated and, if violation be found, to revoke this commutation and to cause the said prisoner to be returned to your institution to serve the remainder of his said sentence. By accepting this commutation the prisoner expressly waives any right to notice or hearing on the question of revocation thereof."

Obviously, the determination of this case depends on the validity of this last condition.

On the basis of the showing made by the petition and on the authority of Guy v. Utecht, 216 Minn. 255, 12 N. W. (2d) 753, the petition must be denied. It was held in the Guy case that a commutation conditioned in terms similar to those in the case at bar gave no right to the prisoner to notice and hearing as a condition

precedent to his arrest and recommitment. This is in line with the overwhelming weight of authority in other states. See cases cited in the Guy case. The reasoning of those cases is to the effect that, since a pardon or commutation of sentence is an act of grace bestowed upon the prisoner by the pardoning authority and not something that he can demand, he has not been deprived of any legal right when the commutation is revoked without notice or hearing, especially when the prisoner, as in the case at bar, accepts the commutation under those conditions and expressly waives any right to notice or hearing on the question of revocation.

Petition for writ dismissed.

MR. CHIEF JUSTICE LORING, being a member of the Board of Pardons, took no part.

